Filed 9/16/15  P. v. Kelley CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVIN LAMAR KELLEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B261271<br>(Super. Ct. No. 2013033278)<br>(Ventura County) |

Devin Lamar Kelley pled guilty to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) and admitted that he personally inflicted great bodily injury that caused the victim to become comatose due to brain injury (*id.* § 12022.7, subd. (b)).

The trial court denied Kelley's request for probation.  The court sentenced him to the low term of two years for the assault and five years for the allegation that he caused the victim to become comatose, for a total of seven years.

## FACTS

Kelley became intoxicated at a party he attended with his girlfriend.  As Kelley and his girlfriend were leaving the party, they got into an argument.  She did not want him to drive.  Nevertheless, she got into the passenger seat of Kelley's car.

Jason May, who was also at the party, tried to convince Kelley's girlfriend not to drive with Kelley. Kelley punched May. May fell to the ground. Kelley kicked or stomped on May's head a number of times. May was rendered unconscious. When a neighbor, who is a nurse, tried to help May, Kelley chased her away.

May was still unconscious when the ambulance arrived to take him to the hospital. May did not regain consciousness until after he was admitted to the hospital.

DISCUSSION

Kelley appeals his sentence. We appointed counsel to represent Kelley in this appeal. After counsel's examination of the record, he filed an opening brief raising no issues.

On May 20, 2015, May's counsel wrote to Kelley advising him of the filing of the brief and of his right to file a supplemental brief. Kelley has filed no such brief.

We have reviewed the entire record and are satisfied that Kelley's attorney has fully complied with his responsibility and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

2

Patricia M. Murphy, Judge

Superior Court County of Ventura
_____


California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.